Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1365 | **DATE** | 11/29/2004 |
| **CASE TITLE** | IRVING RAMEY vs. VELASCO, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for summary judgment is granted. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | DEC 01 2004 date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| DW | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IRVING RAMEY, # B00964,

      Plaintiff,

v.

VELASCO, CHIN, EDWARDS, PULLER AND LYLES,

      Defendants.

Case No. 99 C 1365

**DOCKETED**

DEC 1 2004

Judge James Zagel

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Irving Ramey, ("Ramey"), currently a prisoner at Stateville Correctional Center, and formerly a detainee at the Cook County Jail ("Jail") has brought this *pro se* civil rights action pursuant to 42 U.S.C. §1983. Counsel was appointed by the court to represent Ramey, and later counsel withdrew. Ramey, once again *pro se*, claims that the defendants, various jail officials, violated his constitutional rights by improperly screening and segregating inmates who have active tuberculosis, so that he was housed on a living unit with someone who had the disease, and that he therefore, tested positive for the disease. He further claims that he received medication for this only sporadically. In Plaintiff's amended complaint filed on February 3, 2000, defendants Cook County Board of Commissioners, Dr. Reid, Dr. Shue, and Michael Cordova were dropped out, leaving the remaining defendants: Velasco, Chin, Edwards, Puller and Lyles. Further, the court, finding no policy or custom applicable to the complaint, dismissed the amended complaint, and gave plaintiff time to submit a second amended complaint. This Ramey never did. This matter is thus before the court for consideration of the



defendants' motion for summary judgment. Ramey asked for and received additional time to respond. Although he was given an extension of time, and also given the Local Rule 56.2 warning, telling him of the consequences of failing to respond, nevertheless he has not submitted a timely response. Therefore, defendants' Rule 56.1 statement of facts are uncontroverted and accepted as true. For the reasons stated in this order, the motion for summary judgment is granted.

## **Standard of Law**

Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *O'Connor v. DePaul Univ.*, 123 F. 3d 665, 669 (7th Cir. 1997). In weighing a motion for summary judgment, the court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Bahl v. Royal Indemnity Co.*, 115 F. 3d 1283,1289 (7th Cir. 1997); *Condo v. Sysco Corp.*, 1 F. 3d 599, 601 (7th Cir. 1993). The party opposing the motion must present evidence of a triable issue of material fact. *See Vance v. Peters*, 97 F. 3d 987, 990 (7th Cir. 1996). The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Bank-Leumi Le-Israel, B.M. v. Lee*, 928 F. 2d 232, 236 (7th Cir. 1991). A fact is material when it would determine the outcome under the governing law. *Whetstine v. Gate Rubber Co.*, 895 F.2d 388, 392 (7th Cir. 1990). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a responding party's statement fails to controvert the facts as set forth in the moving party's statement in the manner

dictated by the Rule 56.1, those facts shall be deemed admitted for purposes of the motion. . . . A district court is not required to "wade through improper denials and legal argument in search of a genuinely disputed fact." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). A mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material. *Edward E. Gillen Co. v. City of Lake Forest*, 3 F.3d 192, 196 (7th Cir. 1993).

### Background

With this standard in mind, the court first summarizes the uncontroverted statement of facts as submitted by defendants. Ramey was in the custody of the Jail from July 3, 1993, until April 1998. On July 3, 1996 he was tested for tuberculosis and tested negative. On June 2, 1997, he was again tested for tuberculosis and this time he tested positive for exposure to the virus. He was then given a follow-up chest x-ray and it was determined that the virus was inactive in Ramey's body; thus he was asymptomatic and was placed on prophylactic medications of Isoniazid and Pyridoxine HCL, which he was given every ree to four days. Monthly assessments were completed on September 11, 1997, October 6, 1997, November 5, 1997, and December 5, 1997. Plaintiff complained that he did not receive this medication from November 24-December 5, and again on January 6, 1998. Defendant Cordova corrected this problem by marking the monthly assessments for both these time periods to make up for the missed medications. Additionally, Plaintiff was given this medication on March 6 and finally, on April 7, the medication was discontinued. On April 27, 1998 when Plaintiff saw a doctor, he did not complain that he had not received medication. According to the radiology report, Plaintiff had x-rays taken on June 3, 1997, April 7, 1998, and May 28, 1998, each showing normal chest

3

impression, confirming that Plaintiff had no active tuberculosis virus.

Ramey has failed to controvert these facts. However, shortly after his deposition, he submitted an affidavit to the court, in which he claims that the information provided is "more correct" than the answers he gave at the deposition. The court notes that he reserved his signature at the deposition and later signed that it was true and correct and made no corrections. Nevertheless, Ramey has submitted this additional sworn document. He states that he has a bad memory and that he wanted to tell the court that he received his medication only erratically, although he further claims that he does not remember dates he received the medication. He further alleges that defendants conspired to change his medical charts to correct any discrepancy related to skipped medications. Because Ramey repeats that he cannot remember when he got the medication, this affidavit does nothing to support any of his claims.

## Discussion

Plaintiff's initial complaint (the amended complaint was filed on February 3, 2000; subsequently, the court dismissed this complaint with leave to file a second amended complaint, but Ramey never filed another complaint), alleges basically two problems which he claims rise to the level of a constitutional violation: inadequate screening and separation of detainees with active tuberculosis so that Ramey was housed with someone who either had the disease or could spread the disease; and failure to properly deliver the medications to Plaintiff once he tested positive for exposure to the virus. Because this court previously granted Cook County Board of Commissioner's motion to dismiss because the court found that there was no policy or practice implicated in these claims, what remains to review in this motion is whether any remaining individual defendants were deliberately indifferent to Plaintiff's health care needs.

4

In a Fourteenth Amendment claim of inadequate medical care in a jail, a Plaintiff must show that a responsible county official was deliberately indifferent to his serious medical condition. *See, e. g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gutierrez v. Peters*, 111 F. 3d 1364, 1369 (7th Cir. 1997). A condition is serious if "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Gutierrez*, 111 F. 3d at 1373 (citation and internal quotations omitted). Since Ramey never contracted any disease, it is questionable whether his having tested positive for it is even a serious medical condition. It is clear that Ramey never contracted tuberculosis in the jail. But exposure to tuberculosis can be a serious risk to a detainee's health if there is failure to take protective measures. *Forbes v. Edgar*, 112 F. 3d 262, 264 (7th Cir. 1997). The positive skin test shows only that a person has been exposed, not that he has the disease. If defendants failed to have screening devices in place, that could be evidence of deliberate indifference. However, in this case the defendants had a testing program in place, further screening through x-rays for those who tested positive from the skin test, and then the provision of prophylactic medication for those who showed no sign of the disease.

Detainees are entitled to reasonable measures to protect against this disease and such measures were provided. *Forbes v. Edgar*, 112 F. 3d at 267. However, there is no evidence of any kind, that an infectious inmate was purposely kept in the general population to infect others. Therefore, Ramey has failed to show that he suffered from a serious medical condition.

Ramey must also show that a state official acted with the requisite culpable state of mind, deliberate indifference, a subjective standard. State officials are deliberately indifferent if they "know of and disregard an excessive risk to inmate health or safety; the official[s] must both be

5

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Farmer*, 511 U.S. at 837. *See Dunigan v. Winnebago County*, 165 F. 3d 587, 590-91 (7th Cir. 1999).

The court examines each of the remaining defendants' actions to determine if, based on the uncontroverted facts, any was deliberately indifferent to Ramey's medical care. First Velasco was the executive director of the jail at the time, and was not personally involved in Ramey's treatment. Thus, Ramey has not shown that the violation of his rights occurred at defendants' direction or with his knowledge and consent, *Gentry v. Duckworth*, 65 F. 3d 555, 561 (7th Cir. 1995). An individual cannot be held liable in a §1983 action unless he caused or participated in the alleged constitutional deprivation. *Vance v. Peters*, 97 F. 3d 987, 991 (7th Cir. 1996). *Rascon v. Hardiman*, 803 F. 2d 273 (7th Cir. 1986) (citing *Wolf-Lillie v. Sonquist*, 699 F. 2d 864, 869 (7th Cir. 1983). Supervisors and others in authority cannot be held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of *respondeat superior* because that doctrine does not apply in §1983 actions. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). *See Jones v. City of Chicago*, 856 F. 2d 985, 992 (7th Cir. 1988). For this reason, Ramey fails to state a claim against him. The remaining defendants are Chin, Edwards, Puller and Lyles. Defendant Edwards was superintendent of Division 9, the living unit where Ramey was housed. Defendant Chin was the Program Service Director, and defendant Lyles was the assistant medical director. None of these defendants was personally involved in delivery of Ramey's medical care. Therefore, for the same reasons, Ramey has failed to state a claim against any of them.

Further, based on the affidavit of Dr. Mennella, the jail policy regarding tuberculosis was that all incoming inmates received the PPD skin test and if positive, they also receive a followup

chest x-ray. Ramey benefitted from these procedures. If found to have active tuberculosis, detainees were isolated from other inmates. Since this policy shows no inappropriate denial of medical care at the jail, Plaintiff has further failed to state a claim against any of these remaining supervisory correctional defendants. As in *Forbes,* Ramey has shown no deliberate indifference on the part of any defendant regarding exposure to the risk of contacting tuberculosis.

## Provision of medication

The only remaining defendant is Puller, the nurse who provided the prophylactic medication to Ramey. Dr. Mennella states that Ramey had the skin test in July and then the medication was begun in August after other testing was completed, and completed in April, 1998. Ramey had no adverse reaction and no evidence of active tuberculosis was ever found.

Ramey's only remaining claim was that he did not receive all the prophylactic medication he was supposed to get. However, the defendants' uncontroverted statement of facts clearly shows that he did receive the correct prophylactic medication. Ramey seems not to have understood, based on his comments at the deposition, that this medication was not to treat an illness, but rather to insure that none developed. He received this course of treatment, according to the affidavit of correctional medical technician Michael Cordova, (although he missed one dose on January 6, 1998) and he did not contract the disease. It appears to the court that Ramey received the medication, that he was properly treated by defendants, including Nurse Puller, and that there is no basis for any deliberate indifference claim against her or any other defendant. Further, to the extent that Ramey claims he missed any medication, he failed to allege that defendants did this intentionally. One missed medication, with no adverse results, could not be characterized as any more then negligence, which by itself, fails to present a constitutional claim.

It is well established that negligent conduct by a government official is insufficient to support a claim under §1983. *Daniels v. Williams,* 474 U.S. 327, 330-31 (1986); *Soto v. Johansen,* 137 F.3d 980, 981 (7th Cir.1998) ("mere negligence or even gross negligence does not constitute deliberate indifference"); *Nabozny v. Podlesny,* 92 F. 3d 446, 453-54 (7th Cir. 1996); *Eberhardt v. O'Malley,* 17 F. 3d 1023, 1029 (7th Cir. 1994).

## CONCLUSION

It is therefore ordered that the motion for summary judgment is granted. This case is dismissed in its entirety. Any pending motions are denied as moot.

ENTER:

James B. Zagel
UNITED STATES DISTRICT COURT

DATED: NOV 29 2004

8